IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAROL A. EVERETT, ) | |
| ) | |
| Plaintiff, ) | Case No. 07 C 5440 |
| v. ) | |
| ) | Judge Virginia M. Kendall |
| COOK COUNTY BOARD OF ) | |
| COMMISSIONERS and TIMOTHY EGAN, in ) | |
| his official capacity as Hearing Officer, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Carol A. Everett ("Everett") filed a two-count Complaint against Defendants Cook County Board of Commissioners ("County Board") and Timothy Egan ("Egan") alleging violations of the Skakman Decree and petitioning for a writ of certiorari under Illinois State Law. Cook County and Egan move to dismiss Everett's Complaint under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, Defendants' Motion to Dismiss is granted in part and denied in part.

## STATEMENT OF FACTS

Everett is a highly skilled and experienced dentist who worked for County Board as a Dentist for the Cermak Health Services ("CHS") from June 14, 1982 to March 30, 2007. Cplt. ¶ 10. CHS provides medical and dental services to Cook County Jail inmates. *Id.* On March 29, 2007, County Board notified Everett by letter that she was to be laid off from her "Dentist II" position effective on March 30, 2007. Cplt. ¶ 11. There were five other dentists with the title of "Dentist II" at CHS. Cplt. ¶ 12. When Everett received County Board's notification letter, she did not know the identities

1

of other Dentist II's subject to the same reduction-in-force. Cplt. ¶ 11. She assumed, however, that all Dentist II's were being laid off because she was the most senior Dentist II at CHS. *Id.* Unbeknownst to Everett, three other dentists who were junior to Everett were also laid off pursuant to the reduction-in-force. Cplt. ¶ 12. On April 2, 2007, Everett learned that County Board retained one Dentist II, Dr. Ronald Townsend ("Townsend"). *Id.* Townsend was the second most senior Dentist II, but had 10 ½ years less seniority than Everett. *Id.*

Because Everett was the most senior Dentist II at CHS by 10 ½ years, she initially assumed that County Board made a mistake when it calculated her seniority. Cplt. ¶ 14. Everett worked on a part-time basis for a period of time for health reasons and believed that County Board discounted her level of seniority as a result. *Id.* Seeking a clarification, Everett asked the Cook County Employee Appeals Board to review the decision to terminate her employment. Cplt. ¶ 15. She was not represented by counsel at the time of her request. *Id.* Everett later learned that County dentists and physicians must file their appeals with the County Board's Bureau of Human Resources and not the Employee Appeals Board. Cplt. ¶ 16. On May 7, 2007, Everett agreed to transfer her appeal to the County Board's Human Resources Department. The Department would then appoint a hearing officer to review her termination. Cplt. ¶ 17. Two days later, Everett's request for a hearing officer was denied and she re-filed in on May 29, 2007. Cplt. ¶ 18.

On May 7, 2007, Everett asked County Board to provide her with its calculation of CHS Dentists' seniority status and to identify any other criteria other than seniority used to determine which Dentist II's would remain at CHS after the reduction-in-force. Cplt. ¶ 21. On June 26, 2007, County Board provided the information to Everett and she learned for the first time that the County Board had not miscalculated her seniority status. Cplt. ¶ 20. Rather, the County Board bypassed

seniority and relied upon other criteria in choosing less-senior Townsend. *Id.* During the same time period, Everett discovered that Townsend's private dental practice was located in or immediately adjacent to Chicago's 8th Ward, the seat of power for County Board President Todd Stroger's County Democratic Organization. Cplt. ¶ 23. Townsend supported the Stroger political organization. Cplt. ¶ 24.

Everett agreed to schedule her appeal hearing for June 29, 2007. Cplt. ¶ 19. Egan, a full-time Cook County employee, was the appointed Hearing Officer. *Id.* Although Everett requested to have a court reporter present to transcribe the proceedings and offered to pay for the reporter, her request was denied. Cplt. ¶ 22. On June 29, 2007, the County Board conducted Everett's appeal hearing. Cplt. ¶ 24. According to Everett, she proved that she was more experienced and better qualified than Townsend and established that the County Board gave false and pretextual reasons for its decision to terminate Everett and retain Townsend. Cplt. ¶ 25. Nonetheless, on August 2, 2007, Egan upheld the County Board's decision. Cplt. ¶ 26.

The County Board follows a different process prior to making reduction-in-force decisions when its decisions concerned doctors and other professionals. Cplt. ¶ 27. Namely, prior to making reduction-in-force decisions, the County Board conducts pre-termination interviews with potentially affected employees and rates them based upon a variety of objective and subjective criteria. *Id*. This process was chosen primarily to ensure the County Board's compliance with the Shakman Decree. Cplt. ¶ 28. The County Board did not follow this process when it terminated Everett. Cplt. ¶ 29.

Everett claims that the County Board's choice to terminate her and retain Townsend was motivated by political factors. In Count I, Everett alleges that County Board violated the Shakman

3

Decree and seeks backpay, front pay, compensatory and punitive damages, attorney's fees and costs. Count II, brought against Egan only, petitions for a writ of certiorari under Illinois State Law.

## STANDARD

Motions to Dismiss are construed in the light most favorable to the plaintiff. *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). The court must take as true "all well-pleaded factual allegations and making all possible inferences from those allegations in" the plaintiff's favor. *Id.* (citation omitted). In order to state a claim, a plaintiff must allege facts that plausibly suggest he is entitled to relief. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 2007 WL 1461066, *8 (May 21, 2007). To allege plausible grounds for relief, the complaint must allow a "reasonable expectation" that discovery will reveal evidence of illegality. *Id.* at 1965.

## DISCUSSION

### Count I: Everett's Claim under the Shakman Decree

I. Everett's Claim is not barred by the Statute of Limitations

County Board moves to dismiss Count I on the basis that County Board is a "non-suable" entity. In Everett's Response, she agrees to amend her Complaint to correct the misnomer and substitute Cook County as a defendant for County Board of Commissioners. Accordingly, Everett is ordered to amend her Complaint to correct the misnomer.[1]

County Board further argues that Count I is barred by the applicable statute of limitations. The Seventh Circuit has held that the Title VII [2] 180-day statute of limitations is applicable in

---

[1] Although Everett intends to amend her complaint to correct the misnomer, this Court will continue to refer to Defendant as County Board for reasons of clarity.

[2] Although not pleaded in Everett's Complaint, Everett argues in her response that she intends to amend her Complaint to add claims brought under Title VII and the Age

4

Shakman actions. *Smith v. City of Chicago*, 769 F.2d 408, 413 (7th Cir. 1985). Since *Smith*, the 180-day rule was amended by a Supplemental Relief Order to a 120-day statute of limitations. SUPP. RELIEF ORDER, NOVEMBER 30, 2006.[3] Thus, this Court must evaluate Everett's claim under the timing rules of Title VII and the November 30, 2006 Supplemental Relief Order to determine whether the suit is time-barred.

The limitations period for Title VII claims begins running on the date of the alleged unlawful practice. *Brennan v. Daley*, 929 F.2d 346, 349 (7th Cir. 1991); *citing Nazaire v. Trans World Airlines, Inc.*, 807 F.2d 1372, 1376 (7th Cir. 1986), cert. denied, 481 U.S. 1039, 95 L. Ed. 2d 819, 107 S. Ct. 1979 (1987). In its Motion, County Board argues for a tolling date of March 30, 2007– the day that Everett was laid off. In other words, County Board suggests that the inquiry begins and ends with the date that the plaintiff is injured. In doing so, County Board misunderstands the difference between accrual and equitable tolling. Accrual refers to the date on which the statute of limitations begins to run. *See Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990). Although this Court draws upon on state law for the statutes of limitations periods, federal common law determines when a plaintiff's cause of action accrues. *See Sellars v. Perry*, 80 F.3d 243, 245 (7th Cir. 1996), *Tolle v. Carroll Touch Inc.*, 977 F.2d 1129, 1138 (7th Cir. 1992), *Cada*, 920 F.2d at 450. Under federal common law, an employment discrimination cause of action accrues when

---

Discrimination in Employment Act (the "ADA"). Resp., p. 2, f. 1.

[3] The November 30, 2006 Supplemental Relief Order states, "...a Complainant who wishes to seek to recover damages suffered as a result of unlawful political discrimination must make a complaint within the IGO or file suit within one hundred twenty (120) days after the date on which the Complainant learned or should have learned of the unlawful conduct. If the Complainant chooses to file suit, the limitations period of applicable law shall govern." SUPP. RELIEF ORDER, NOVEMBER 30, 2006.

an adverse employment action is taken and communicated to the plaintiff. *See Thelen v. Marc's Big Boy Corp.*, 64 F.3d 264, 267 (7th Cir. 1995), *Cada,* 920 F.2d at 449-50; *see also Delaware State College v. Ricks*, 449 U.S. 250, 258, 66 L. Ed. 2d 431, 101 S. Ct. 498 (1980) (holding that § 1981 claim accrues at the time of the employment decision which negatively impacts the plaintiff, not when the consequences of that decision later come into effect); cf. *Teumer v. General Motors Corp.*, 34 F.3d 542, 550 (7th Cir. 1994) (holding that ERISA cause of action accrued when the plaintiff was terminated, not when he ascertained the alleged unlawful nature of the layoff). The cause of action accrues when the plaintiff discovers that he has been injured, not when he determines that the injury was unlawful. *Thelen*, 64 F.3d at 267. The *Cada* explained that the phrase "discovers that he had been injured" refers to the discovery "that a decision to terminate him had been made." *Cada*, 920 F.2d at 450. Everett discovered that she was subject to the reduction-in-force on March 29, 2007 and filed her Complaint on September 26, 2007–almost two months over the 120 day limitation period.

The limitations period is, however, subject to equitable tolling. *Vaught v. R.R. Donnelley & Sons, Co.*, 745 F.2d 407, 410 (7th Cir. 1984) ; *See Galloway v. GM Serv. Parts Operations*, 78 F.3d 1164 (7th Cir. 1996) ("What is true is that standard principles of limitations law, notably the discovery doctrine and the doctrines of equitable estoppel and equitable tolling, excuse the claimant from having to file before it is feasible for him to do so, and these principles apply to cases brought under Title VII.") That is, the limitations period is tolled until the "'facts that would support a charge of discrimination . . . were apparent or should have been apparent to a person with a reasonably prudent regard for his rights similarly situated to the plaintiff.'" *Id.* at 410-11 (*quoting Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924, 931 (5th Cir. 1975)); *see also*

*Wislocki-Goin v. Mears*, 831 F.2d 1374, 1378 (7th Cir. 1987), cert. denied, 485 U.S. 936, 99 L. Ed. 2d 274, 108 S. Ct. 1113 (1988) (The 180-day period of limitations begins to run when an employee either knows or should know that an unlawful employment practice has been committed.) Thus, this Court turns to when Everett had sufficient knowledge of the basis for her Shakman complaint. *See Brennan*, 929 F.2d at 349. Since equitable tolling is an equitable doctrine, there is no guaranteed "automatic extension of the statute of limitations." *Cada*, 920 F.2d at 452. Everett is entitled to extra time only if she can show that "[she] needs it." *Id.*

For the purpose of deciding defendants' motion to dismiss the facts alleged in plaintiff's complaint are assumed to be true. *See Veazey v. Communications & Cable, Inc.*, 194 F.3d 850, 853 (7th Cir. 1999). On April 2, 2007, Everett learned that County Board laid off three dentists but retained Townsend. It appears from the Complaint that Everett knew at that point that Townsend was the second most senior Dentist II but had 10 ½ years less seniority than Everett. However, because Everett was the most senior Dentist II at CHS by 10 ½ years, she initially assumed that County Board made a mistake when it calculated her seniority. She sought a clarification of the CHS Dentists' seniority status on or about May 7, 2007. However, she did not receive the results from County Board until June 26, 2007. Everett pleaded that she learned on June 26, 2007 that the County Board had not miscalculated her seniority status, but instead chose to bypass seniority and rely upon other criteria in choosing less-senior Townsend. Everett has pleaded sufficient facts to suggest that she diligently pursued both her appeal and attempted to receive information regarding her seniority status calculation. County Board was privy to that information, and did not provide it to Everett until June 26, 2007 despite her May 7, 2007 request. Accordingly, this Court finds that Everett has pleaded enough facts to suggest that although she was terminated on March 30, 2007,

7

her claim should be equitably tolled until June 26, 2007. Therefore, her Complaint was timely filed on September 26, 2007.

II. Everett's Shakman Claim

Defendants also move to dismiss Everett's Shakman claim on the basis that it is not an independent federal cause of action and seeks injunctive relief outside of a contempt order initiated by that court. The original Shakman complaint was brought by independent candidates, voters and taxpayers challenging the patronage practices of the regular Democratic and Republican Party organizations. The complaint challenged the use of state and local government patronage power to coerce government employees to perform political work on behalf of incumbents. *Shakman v. Democratic Organization of Cook County*, 481 F. Supp. 1315, 1320 (N.D. Ill. 1979). The court found that the challenged patronage practices violated the plaintiffs' First and Fourteenth Amendment interests. *Id.* On May 5, 1972, the court entered a consent decree enjoining the Shakman defendants from:

> (1) conditioning, basing or knowingly prejudicing or affecting any term or aspect of governmental employment, with respect to one who is at the time already a governmental employee, upon or because of any political reason or factor. *Shakman v. Democratic Org. of Cook County*, 481 F.Supp. 1315, 1356-59 (N.D. Ill. 1979) ("Shakman Decree").

Everett has pleaded only two counts– one seeking equitable relief against defendants for violating the Shakman decree and one seeking a writ of certiorari. Although Everett intends to amend her complaint to add claims under Title VII and the ADA, her current complaint is devoid of any other federal claims that typically accompany a Shakman petition such as a First Amendment

claim.[4] Nonetheless, Defendants misconstrue the appropriate avenue for prosecuting violations of the Shakman decree in claims such as Everett's. Although Defendants argue that Everett's Complaint is defective because it seeks injunctive relief, Shakman proceedings are equitable, typically seek immediate injunctive relief, and confer no right to a jury trial. *Smith v. Chicago*, 820 F.2d 916, 917-18 (7th Cir. 1987) (Typically, a plaintiff's salary-related compensation for an unlawful discharge involves two elements: back pay, representing compensation for past suffering; and reinstatement, to avoid future suffering.) *See International Union of Operating Eng'rs, Local No. 841 v. Murphy Co.*, 82 F.3d 185, 189 (7th Cir. 1996). Therefore, Everett's claim is not defective merely because it seeks equitable relief.

Defendants are also mistaken that a Shakman petition such as Everett's may only be filed before the Judge overseeing the decree at the time. While it is true that a plaintiff whose claim falls within the scope of a consent decree cannot seek equitable relief outside of the consent decree Everett does not seek relief outside of the consent decree. *Martin v. Davies*, 917 F.2d 336, 339 (7th Cir. 1990); *Dye v. Sheahan*, 1995 U.S. Dist. LEXIS 3027, 1995 WL 109318, *10, n. 3 (N.D. Ill. 1995). Rather, Everett seeks to enforce the provisions of the consent decree which are meant to prevent County Board from conditioning Everett's termination on the basis of any political reason or factor. Although a judge may not modify a consent decree entered by another judge, Everett does not seek to modify the original Shakman decree. *See Camardo v. City of Chicago*, No. 84 C 3514, 1985 WL 1856 at *3 (N.D. Ill. Jun. 18, 1985). Rather, Everett seeks to vindicate a right established by the Shakman consent decree. *See Perlman v. Cook County Board of Commissioners*, 2007 U.S.

---

[4] Everett is not asserting that she was engaging in any protected speech or conduct, and is, therefore, not asserting that her First Amendment rights have been violated.

Dist. LEXIS 32605, * 4 (N.D. Ill. 2007) ([The Plaintiff's] suit does not seek to modify the Shakman decree, it is properly before this court, so the defendants' jurisdictional argument fails...."). Accordingly, where the plaintiff does not seek to modify the original decree, but only seeks to enforce it, a plaintiff may pursue his or her claim "under applicable law". *See* SUPP. RELIEF ORDER, NOVEMBER 30, 2006; *see id.*

Finally, Defendants argue that Everett's claim must be brought in the form of a contempt citation. While the proper method to "challenge a consent decree" is though a contempt action filed under the decree, Everett isn't challenging the original Shakman decree, for example, by arguing that her position should not be included on the list of exemptions. *Webb v. Local 73, Service Employees Intern. Union, AFL-CIO*, 2002 U.S. Dist. LEXIS 17236, 2002 WL 31049841, *6 (N.D. Ill. 2002). As previously stated, Everett seeks to enforce and not to challenge the decree. Plaintiffs who seek to enforce provisions of the judgements and decrees entered in Shakman shall present them for filing in the form of a civil complaint. *See* SUPP. RELIEF ORDER, NOVEMBER 30, 2006.[5] Accordingly, Defendants Motion to Dismiss Count I is denied.

## Count II: Everett's State Law Claim Against Egan

III.  Everett's Certiorari Claim against Egan in his official capacity.

In Count II, Everett seeks a writ of certiorari against Egan in his official capacity. Everett has pleaded that following her termination, she sought review of the decision by way of an appeal

---

[5] "IT IS HEREBY ORDERED That the following procedures are to be followed in filing a petition alleging violations of or requesting enforcement of provisions of the judgments and decrees entered in the above-captioned matter [Caw No. 69 C 2145]: (A) The petition shall be presented for filing in the form of a civil complaint. It shall be filed with the assignment clerk who shall issue a separate case number to the petition in the same manner as with any other civil complaint." SUPP. RELIEF ORDER, NOVEMBER 30, 2006.

hearing before an appointed hearing officer. Egan was appointed and Everett's hearing was scheduled for June 29, 2007. Everett's request to have a court reporter present at the appeal hearing was denied despite the fact that Everett agreed to pay for the reporter's services. Everett claims that she proved that she was more senior and more qualified than Townsend. Nonetheless, Egan upheld the County Board's decision to terminate Everett on August 2, 2007. Now, Everett asks this Court to order Egan to certify the entire record of the proceedings. Defendants move to dismiss Count II on the basis that Cook County is the proper party and that any claim against Egan would be redundant. This Court agrees. A suit against a public official in his or her official capacity is generally the same as a suit against the government entity that the official represents. *Kentucky v. Graham*, 473 U.S. 159, 165-66, 87 L. Ed. 2d 114, 105 S. Ct. 3099 (1985); *Hernandez v. O'Malley*, 98 F.3d 293, 296 (7th Cir. 1996); *Rascon v. Hardiman*, 803 F.2d 269, 274 (7th Cir. 1986). Here, Count II is brought against Egan in his official capacity only and seeks to compel Egan to certify the record of the appeal hearing. Although Everett claims that Egan is a necessary party to her request for certiorari, she does not explain why Cook County can not and should not respond to her request nor does she distinguish Defendants' case law which finds suits against officials such as Egan to be redundant. Therefore, this Court finds that the claim against Egan in his official capacity is a redundant claim against Cook County. Should Everett choose to amend her complaint she must seek relief from Cook County and not Egan with respect to seeking certification of the proceedings. *See Webb v. Local 73, Service Employees Intern. Union, AFL-CIO,* 2002 U.S. Dist. LEXIS 17236, 2002 WL 31049841, *6 (N.D. Ill. 2002). Therefore, Count II is dismissed without prejudice.

IV. Conclusion and Order

For the foregoing reasons, Defendants' Motion to Dismiss is denied as to Count I and

granted as to Count II. Count II is dismissed without prejudice. Everett is ordered to amend her Complaint to substitute Cook County as a defendant for County Board of Commissioners.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: January 8, 2008